IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>INTERCONTINENTAL TERMINALS COMPANY, LLC<br><br>Defendant. | CIVIL ACTION NO. 4:24-cv-01207 |

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Secretary of the United States Department of the Interior ("DOI") and the Secretary of the United States Department of Commerce, through the National Oceanic and Atmospheric Administration ("NOAA"), in their capacity as natural resource Trustees, and Plaintiff State of Texas, on behalf of the Texas Commission on Environmental Quality ("TCEQ"), the Texas Parks and Wildlife Department ("TPWD") and Texas General Land Office ("GLO") (collectively, the "State"), bring this civil action to redress certain damages to natural resources for which Intercontinental Terminals Company, LLC ("ITC") is liable.

STATEMENT OF THE CASE

1. The United States and the State of Texas bring this civil action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of

1980 ("CERCLA"), as amended, 42 U.S.C. § 9607, for the recovery of damages for injury to, destruction of, or loss of natural resources, including recovery of the costs of assessing such injury and damages and the future costs of overseeing and monitoring restoration actions, as a result of the release, or threatened release, of hazardous substances into the environment at or from ITC's terminal facility, located at 1943 Independence Parkway South, Deer Park, Harris County, Texas ( "Terminal Facility").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. §§ 1331 and 1345. The United States and the State of Texas are authorized to bring this action pursuant to 42 U.S.C. § 9607(f).

3. This Court has personal jurisdiction over ITC. ITC is headquartered in this District, and it does business here, including via its onshore operations at the Terminal Facility.

4. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b)(2), because the claim arose in this District, and the release or threatened release of hazardous substances occurred within this District.

## THE DEFENDANT

5. ITC is a limited liability company that is registered to do business in the State of Texas and organized under the laws of Delaware. ITC is wholly owned by Mitsui & Co., Ltd., a Japanese company.

6. ITC is a "person" within the meaning of Sections 101(21) and 107 of CERCLA, 42 U.S.C. §§ 9601(21) and 9607.

ITC'S TERMINAL FACILITY

7. ITC is, and was at all times relevant to this Complaint, the owner and operator of the Terminal Facility.

8. ITC's business operations at the Terminal Facility include storing and transferring bulk liquids and gasses, including petrochemicals. Approximately 230 storage tanks are located at the Terminal Facility. Each tank can hold between 8,000 - 160,000 barrels of materials, with a total onsite storage capacity of approximately 12 million barrels. The Terminal Facility is equipped with both rail and truck access, ship docks, barge docks, and pipeline connections.

GENERAL ALLEGATIONS

**The Tank Fire**

9. On March 17, 2019, a fire ignited within the 2nd 80's Tank Farm at the Terminal Facility. The tank farm consists of fifteen 80,000-barrel capacity storage tanks containing petrochemical products and hazardous substances, including naphtha, xylene, toluene, pyrolosis gas, gasoline blendstock, and base oil. The fire engulfed an aboveground storage tank containing naphtha and spread to several adjacent tanks within the tank farm. The fire continued to burn for three days until it was initially extinguished on March 20, 2019.

10. On March 22, 2019, the secondary containment wall surrounding the tank farm breached. Hundreds of thousands of barrels of a mixture of the petrochemical products from the tanks along with fire water and firefighting foam released into a nearby ditch, which drains into Tucker Bayou.

11. The released substances flowed from Tucker Bayou into surrounding waterways, including Buffalo Bayou and the Houston Ship Channel.

12. On the day the secondary containment wall breached, the fire also reignited and spread to released materials remaining in the drainage ditch.

13. The fire was fully extinguished – six days after it first began – before reaching any of the major waterways.

14. The fires, which occurred at the Terminal Facility, and the resulting releases are collectively referred to as the "Tank Fire."

15. Because of the Tank Fire, schools and parks were closed, and the public was restricted from recreating outdoors. Shelter-in-place orders were issued for several days by the City of Deer Park and nearby City of Galena Park, Texas. The San Jacinto Festival, which occurs annually, was also cancelled.

16. Transportation was also limited due to the Tank Fire. Numerous roads were closed, and the Houston Ship Channel was partially and temporarily closed to vessel traffic. The Lynchburg Ferry, which crosses the channel, was out of service to the public for approximately 41 days.

17. Substances released at or from the Terminal Facility, included, but were not limited to, benzene, xylene, and toluene, which are "hazardous substances" within the meaning of Sections 101(14) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14) and 9607(a), and the regulations referenced therein, 40 C.F.R. § 302.4.

**Injury to, Destruction of, or Loss of Natural Resources**

18. The release, or threatened release, of hazardous substances at or from the Terminal Facility resulted in injury to, destruction of, or loss of various natural resources and their services, including, but not limited to, marsh, aquatic habitats and species, avian species, and other natural resources as that term is defined in Section 101(16) of CERCLA, 42 U.S.C

§ 9601(16), for which Plaintiffs are trustees, including effects to human use/recreation resulting from impacts to these natural resources.

FEDERAL LAW GOVERNING CLAIM FOR RELIEF

19. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section [*i.e.* 42 U.S.C. § 9607(b)] –
>
> (1) the owner and operator of a ... facility, [or]
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
> . . .
>
> (4) . . . from which there is a release, or a threatened release, which causes the incurrence of response costs, of a hazardous substance, shall be liable for—
>
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release[.]

20. Section 107(a) of CERCLA, 42 U.S.C. § 9607, also provides that "[t]he amounts recoverable in an action under this Section shall include interest on the amounts recoverable under" subparagraph (C).

21. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607, ITC is strictly liable.

22. Under Section 107(f)(1) of CERCLA, 42 U.S.C. § 9607(f)(1), liability for "an injury to, destruction of, or loss of natural resources under [Section 107(a)(C)] shall be to the United States Government and to any State for natural resources within the State or belonging to, managed by, controlled by, or appertaining to such State[.]"

23. Pursuant to Section 107(f)(2)(A) of CERCLA, 42 U.S.C. § 9607(f)(2)(A), the President has designated the Secretary of the Interior and Secretary of Commerce as the federal

trustees for various natural resources, including those at issue here. *See* Executive Order No. 12,580, as amended by Executive Order No. 13,016, 61 Fed. Reg. 45871 (Aug. 28, 1996); 40 C.F.R. § 300.600(b)(2).

24. Pursuant to Section 107(f)(2)(B) of CERCLA, 42 U.S.C. § 9607(f)(2)(B), Governors of the State of Texas have designated the Texas Commission on Environmental Quality, the Texas Parks and Wildlife Department, and the Texas General Land Office as trustees for various natural resources, including those at issue here.

25. The United States and the State of Texas have incurred costs in the assessment of natural resource damages related to the Tank Fire at the Terminal Facility.

## CLAIM FOR RELIEF

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. ITC's Terminal Facility is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), and as used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), because it is a "site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located[.]"

28. ITC is a current "owner or operator" of a facility within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1).

29. There have been "releases" or "threatened releases" of hazardous substances at or from ITC's Terminal Facility within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

30. The release, or threatened release, of hazardous substances at or from ITC's Terminal Facility resulted in injury to, destruction of, and loss of natural resources within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

31. The natural resources that have been injured, destroyed, or lost as a result of the release of hazardous substances from ITC's Terminal Facility are "natural resources" as that term is defined in 42 U.S.C. § 9601(16), for which the United States and the State are trustees.

32. The Defendant is liable to Plaintiffs for natural resource damages resulting from releases of hazardous substances pursuant to 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

1. Enter judgment in favor of the United States and the State against ITC for damages for injury to natural resources resulting from the releases of hazardous substances at or from ITC's Terminal Facility, including the cost to restore, replace, rehabilitate, and/or acquire equivalent natural resources, the value of lost services resulting from the injury to resources, the reasonable cost of assessing injury to the natural resources and resulting damages, and the Trustees' restoration planning costs as well as interest, in accordance with Sections 107(a) and (f) of CERCLA, 42 U.S.C. § 9607(a) and (f); and

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

United States Department of Justice

*/s/ Hannah L. Frazier*

HANNAH L. FRAZIER, *Attorney-in-charge*
Trial Attorney
Oregon Bar No. 215453
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044-7611
Hannah.frazier@usdoj.gov
Phone: (202) 532-5548

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

*/s/ Daniel David Hu*

DANIEL DAVID HU, *Local co-counsel*
Assistant United States Attorney
Southern District of Texas
Bar Nos: Texas: 10131415
S.D. Texas: 7959
1000 Louisiana, Suite 2300
Houston, TX 77002
daniel.hu@usdoj.gov

**FOR THE STATE OF TEXAS**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General

KELLIE BILLINGS-RAY
Chief, Environmental Protection Division

*/s/ Katie B. Hobson*

KATIE B. HOBSON
Assistant Attorney General
Texas State Bar No. 24082680

Office of the Attorney General
Environmental Protection Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2012
Facsimile: (512) 457-4616
Katie.hobson@oag.texas.gov